# EXHIBIT A

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY CIVIL DIVISION**

**CASE NO.: CACE 18-018611**

GREGORY LIGHT,

Plaintiff,

JURY TRIAL DEMANDED

vs.

SETERUS, INC.

Defendant.
_______________________________________/

**NOTICE OF COMMENCEMENT OF ACTION TO:**

SETERUS, INC.
c/o CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD, #250
PLANATION, FL 33324

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the 17th Judicial Circuit Court for Broward County and has been assigned case no. CACE 18-018611

This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if you do not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a stamped self-addressed envelope for your use. An extra copy of the notice and request, including the waiver, is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.

If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process may be initiated in a manner authorized by the Florida Rules of Civil Procedure. You (or the party on whose behalf you are addressed) will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.

I hereby certify that this notice of lawsuit and request for waiver of service of process has been sent to you on behalf of the plaintiff on August 20, 2018.

*/s/ Anthony Gonzalez*
Anthony Gonzalez, Esq.
Florida Bar Number: 119756
E-mail: anthony@lightgonzalezlaw.com
Secondary E-mail: service@lightgonzalezlaw.com
LIGHT & GONZALEZ, PLLC
*Attorneys for Plaintiff Gregory Light*
150 S. Pine Island Rd., #300
Plantation, FL 33324
Telephone: (754) 900-6545

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY CIVIL DIVISION**

**CASE NO.:**

GREGORY LIGHT,

Plaintiff,

JURY TRIAL DEMANDED

vs.

SETERUS, INC.

Defendant.
_______________________________________/

**COMPLAINT**

**COME NOW**, the Plaintiff, GREGORY LIGHT ("Plaintiff"), by and through undersigned counsel, and bring this action against the Defendant, SETERUS, INC. ("SETERUS") and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This action is brought by a Plaintiff for SETERUS's violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA") and the Fair Debt Collection Practices Act 15. U.S.C § 1692, *et seq.* ("FDCPA").

2. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

3. The FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection



Light & Gonzalez, PLLC, 150 S. Pine Island Rd., Ste. 300, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com |
https://lightgonzalezlaw.com

of a debt." 15 U.S.C § 1692d.

4. Plaintiff alleges that SETERUS continuously and unlawfully called his cellular telephone and business in an attempt to collect an alleged debt in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief, as well as statutory damages, actual damages and costs, in accordance with the aforementioned statutes where applicable.

**JURISDICTION AND VENUE**

5. This is an action for relief that exceeds the jurisdictional amount of $15,000.00.

6. Venue in this Circuit is proper because Plaintiff is domiciled in Broward County, Florida and SETERUS does business and places phone calls into this Circuit.

**PARTIES**

7. At all times relevant to this Complaint, SETERUS was and is a foreign limited liability company, with its principal place of business at 3029 Cornwallis Road, Building 203, Suite AA145, Research Triable Park, NC 27709.

8. At all times relevant to this Complaint, SETERUS has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

9. At all times relevant to this Complaint, SETERUS, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

10. At all times relevant to this Complaint, SETERUS, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

11. At all times relevant to this Complaint, SETERUS, was acting as a debt collector with respect to the collection of Conrad Anthony McPherson's alleged debt.



Light & Gonzalez, PLLC, 150 S. Pine Island Rd., Ste. 300, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com |
https://lightgonzalezlaw.com

NOT OFFICIAL COPY - PUBLIC

12. The primary function of SETERUS's business is to collect payments due to others.

13. SETERUS, was hired to collect the disputed debt by Federal National Mortgage Association ("Fannie Mae").

14. The debt that SETERUS sought to collect from the Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

15. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

16. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and/or person with standing to bring a claim under the TCPA by virtue of being directly affected by violations of the Act.

17. At all times relevant to this Complaint, Plaintiff, was and is a natural person protected from harassment or abuse in connection with the collection of a debt with standing to bring a claim under the FDCPA. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1300 (11th Cir. 2015) (holding "any person", including a debtor's attorney, is protected from being harassed, oppressed or abused by a debt collector in connection with the collection of a debt).

## BACKGROUND AND GENERAL ALLEGATIONS

18. SETERUS sought to collect a debt from Conrad Anthony McPherson, Plaintiff's client, arising from an alleged mortgage loan (the "Debt") incurred by Conrad Anthony McPherson for personal, family, or household purposes.

19. Upon information and belief, SETERUS, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect the Debt from Conrad Anthony McPherson by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, (954) XXX-3532 and to Plaintiff's work phone

number (754) XXX-6545 which forwards calls to Plaintiff's aforementioned cellular telephone. SETERUS also employed prerecorded or machine-operated voice message in connection with said calls.

20. Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's auto-dialing system attempted to connect the Plaintiff to a live telephone employee.

21. Plaintiff is the sole owner, possessor, subscriber and user of the cellular telephone that SETERUS was calling.

22. SETERUS's calls originated from various numbers including but not limited to 866-570-5277.

23. SETERUS called Plaintiff a multitude of times in a campaign designed to apply maximum psychological stress to Plaintiff with the aim of pressuring Conrad Anthony McPherson into paying the Debt. SETERUS's calling campaign included multiple calls a day and/or calls on back-to-back days. A sampling of SETERUS's campaign include, but are not limited to, calls placed on:

a. April 16, 2018
b. April 17, 2018
c. April 18, 2018
d. April 24, 2018
e. April 25, 2018
f. April 26, 2018

24. SETERUS's placement of telephone calls to Plaintiff's cellular telephone were unsolicited and incessant.



Light & Gonzalez, PLLC, 150 S. Pine Island Rd., Ste. 300, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com |
https://lightgonzalezlaw.com

25. SETERUS informed Plaintiff that their "investor guidelines" required them to call Plaintiff using an automated telephone dialing system up to five times per day if they had not made contact with Plaintiff or Conrad Anthony McPherson within the previous five day period.

26. Plaintiff lawfully revoked his consent to receipt of calls from an automated telephone dialing system and repeatedly demanded that SETERUS stop using an automated telephone dialing system to place calls to Plaintiff's cellphone.

27. SETERUS ignored and even expressly refused to comply with Plaintiff's repeated demands.

28. Plaintiff was damaged by these unlawful calls. Plaintiff's privacy was improperly invaded, his peace was disturbed, he was distracted, his cellular telephone battery and memory was taxed, his cellular telephone and business lines were tied-up, and he was forced to spend unnecessary time and mental energy tending to unwanted calls.

29. The natural consequence of these repeated, unwanted calls using an automated dialing system was to harass, oppress, and abuse Plaintiff.

30. None of SETERUS's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31. Upon information and belief, SETERUS knew that its calling techniques were in violation of the TCPA, yet SETERUS still continued to use them in willful or knowing violation of the TCPA.

**<u>COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227(b)(1)(A)(iii)</u>**

32. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 31 above.

33. SETERUS placed many non-emergency calls, including but not limited to the calls



Light & Gonzalez, PLLC, 150 S. Pine Island Rd., Ste. 300, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com |
https://lightgonzalezlaw.com

referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227(b)(1)(A)(iii).

34. It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone by using an automatic telephone dialing system or prerecorded message without that person's prior express consent.

35. Upon information and belief, the aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system and/or employed a prerecorded voice message. These calls bore telltale signs of an automation, such as a prerecorded message or a noticeable gap between picking up the call and a human being coming on the line.

36. In fact, multiple SETERUS representatives affirmatively represented that they had used an automated telephone dialing system to call Plaintiff.

37. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those specifically alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

38. SETERUS's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11–13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed.

Commc'n Cmm'n July 3, 2003).

39. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on SETERUS to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

40. SETERUS, through its agents, representatives and/or employees acting within the scope of their authority, acted willfully and therefore intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii). Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing" requires merely that "the violator knew that he was doing the act in question. . . . A violator need not know that his action or inaction constitutes a violation." *In re Dynasty Mortg., L.L.C.*, 22 F.C.C. Rcd. 9453, 9470 n.86, 2007 WL 1427724 (F.C.C. May 14, 2007).

41. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. See also *Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

42. In sum, SETERUS made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

43. SETERUS's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

44. SETERUS's phone calls also harmed Plaintiff by (1) trespassing upon and



Light & Gonzalez, PLLC, 150 S. Pine Island Rd., Ste. 300, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com |
https://lightgonzalezlaw.com

interfering with Plaintiff's rights and interests in access to his cellular telephone and telephone line; (2) intruding upon Plaintiff's seclusion and privacy; (3) wasting Plaintiff's time and mental energy; (4) depleting the battery life on Plaintiff's cellular telephone; (5) using memory storage space in Plaintiff's cellular telephone; and (6) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

45. As a result of SETERUS's violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff is also entitled to injunctive relief prohibiting SETERUS from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against SETERUS for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining SETERUS from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

**COUNT II**
**VIOLATION OF THE FDCPA**

47. Plaintiff repeats, realleges and incorporates by reference herein paragraphs 1 through 31 above.



Light & Gonzalez, PLLC, 150 S. Pine Island Rd., Ste. 300, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com |
https://lightgonzalezlaw.com

48. Defendant SETERUS. violated §1692d of the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

49. 15 U.S.C. § 1692d states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ...
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

50. The FDCPA prohibits debt collectors from harassing, oppressing, or abusing *any person* in connection with the collection of a debt, not just the consumer. 15 U.S.C. § 1692d.

51. The FDCPA also provides that if debt collector fails to comply with any provision with respect to *any* person they will be liable to such person for actual damages, statutory damages, and attorney's fees and costs. *See* 15 U.S.C. § 1692k.

52. On or about July of 2017, Defendant SETERUS began calling Plaintiff and Plaintiff's law firm in an attempt to collect the owed by Conrad Anthony McPherson.

53. These calls were placed using an automated telephone dialing system and/or employed a prerecorded voice message. These calls bore telltale signs of an automation, such as a prerecorded message or a noticeable gap between picking up the call and a human being coming on the line. Frequently these calls would disconnect without a representative ever being connected.

54. Multiple SETERUS representatives confirmed that they were utilizing an automated telephone dialing system to call Plaintiff on his cellphone and to his business line which forwarded



Light & Gonzalez, PLLC, 150 S. Pine Island Rd., Ste. 300, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

to his cellphone.

55. On a date better known to Defendant, Plaintiff requested that SETERUS stop contacting him using an automated dialing system because the calls would frequently disconnect, and that the incessant phone calls were disrupting his business.

56. On a date better known to Defendant, one representative for Defendant agreed to request Plaintiff's number be removed from Defendant's automatic dialing list, and assured Plaintiff that Defendant would submit the request to SETERUS in writing; Notwithstanding the foregoing, the calls continued and in subsequent communications with Defendant, Defendant confirmed that requests often went ignored by SETERUS.

57. The times when the calls would connect, Defendant SETERUS's stated purpose for these communications was to learn what Mr. McPherson intended to do with his mortgaged property; Plaintiff communicated Mr. McPherson's intentions on numerous occasions, but SETERUS continued to call incessantly, up to five times per day.

58. SETERUS continuously and repeatedly engaged Plaintiff in conversation to ask these questions and others that Plaintiff had already provided the answer to, e.g. whether property had been affected by Hurricane Irma.

59. Astonishingly, it would often be the same SETERUS representative (Toby) asking Plaintiff the same questions he had already answered.

60. SETERUS's intention in repeatedly and continuously causing Plaintiff's cellphone to ring was to annoy, abuse, or harass Plaintiff.

61. SETERUS's intention in repeatedly and continuously engaging Plaintiff in conversation was to annoy, abuse, or harass Plaintiff.



Light & Gonzalez, PLLC, 150 S. Pine Island Rd., Ste. 300, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com |
https://lightgonzalezlaw.com

62. The abovementioned conduct all had the natural consequence of harassing, abusing, and/or oppressing Plaintiff.

63. As a result of SETERUS's conduct, Plaintiff has suffered actual damages, including, but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility and reputation, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fees and costs.

**WHEREFORE**, PLAINTIFF requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, attorney's fees, filing fees and costs, and such other equitable relief this Court deems just and proper pursuant to 15 U.S.C. § 1692k.

**DEMAND FOR JURY TRIAL**

Plaintiff, GREGORY LIGHT, hereby demands a trial by jury of all issues so triable.

*/s/ Anthony Gonzalez*
Anthony Gonzalez, Esq.
Florida Bar Number: 119756
Primary Service E-mail: service@lightgonzalezlaw.com
Secondary E-mail: anthony@lightgonzalezlaw.com
LIGHT & GONZALEZ, PLLC
*Attorney for Plaintiff*
150 S. Pine Island Rd., #300
Plantation, FL 33324
Telephone: (754) 900-6545
Facsimile: (754) 203-2700

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY CIVIL DIVISION**

**CASE NO.: CACE 18-018611**

GREGORY LIGHT,

JURY TRIAL DEMANDED

Plaintiff,

vs.

SETERUS, INC.

Defendant.
_______________________________________/

**NOTICE OF COMMENCEMENT OF ACTION TO:**

SETERUS, INC.
c/o CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD, #250
PLANATION, FL 33324

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. The complaint has been filed in the 17th Judicial Circuit Court for Broward County and has been assigned case no. CACE 18-018611

This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if you do not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a stamped self-addressed envelope for your use. An extra copy of the notice and request, including the waiver, is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.

If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process may be initiated in a manner authorized by the Florida Rules of Civil Procedure. You (or the party on whose behalf you are addressed) will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.



Light & Gonzalez, PLLC, 150 S. Pine Island Rd., Ste. 300, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com



I hereby certify that this notice of lawsuit and request for waiver of service of process has been sent to you on behalf of the plaintiff on August 20, 2018.

*/s/ Anthony Gonzalez*
Anthony Gonzalez, Esq.
Florida Bar Number: 119756
E-mail: anthony@lightgonzalezlaw.com
Secondary E-mail: service@lightgonzalezlaw.com
LIGHT & GONZALEZ, PLLC
*Attorneys for Plaintiff Gregory Light*
150 S. Pine Island Rd., #300
Plantation, FL 33324
Telephone: (754) 900-6545



**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY CIVIL DIVISION**

**CASE NO.: CACE 18-018611**

GREGORY LIGHT,

JURY TRIAL DEMANDED

Plaintiff,

vs.

SETERUS, INC.

Defendant.
_______________________________________/

**WAIVER OF SERVICE OF PROCESS**

TO: ANTHONY GONZALEZ, ESQ.
ATTORNEY FOR GREGORY LIGHT
LIGHT & GONZALEZ, PLLC
150 S. PINE ISLAND RD. #300
PLANTATION, FL 33324

I acknowledge receipt of your request that I waive service of process in the lawsuit of GREGORY LIGHT v. SETURUS, INC. in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Civil Division. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

(describe relationship to person or entity and authority to accept service)

_______________________________________

_______________________________________

_______________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

____________________________________________

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons. I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

DATED on ___________, ________, 2018

________________________________

SETERUS, INC. or SETERUS, INC.'s Representative

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY CIVIL DIVISION**

**CASE NO.: CACE 18-018611**

GREGORY LIGHT,

JURY TRIAL DEMANDED

Plaintiff,

vs.

SETERUS, INC.

Defendant.

______________________________/

**WAIVER OF SERVICE OF PROCESS**

TO: ANTHONY GONZALEZ, ESQ.
ATTORNEY FOR GREGORY LIGHT
LIGHT & GONZALEZ, PLLC
150 S. PINE ISLAND RD. #300
PLANTATION, FL 33324

I acknowledge receipt of your request that I waive service of process in the lawsuit of GREGORY LIGHT v. SETURUS, INC. in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Civil Division. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

(describe relationship to person or entity and authority to accept service)

_______________________________________________

_______________________________________________

_______________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

____________________________________

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons. I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

DATED on ___________, ________, 2018

____________________________
SETERUS, INC. or SETERUS, INC.'s Representative